STATE *vs.* ALFRED L. REDMILE, JR.

*Minor  Child—Maintenance  of  by  Father— Statute — Divorce—
Custody of  Child  Given  to  the  Mother  by  the  Superior
Court—Application for Maintenance of Child—Juris-
diction of Court of General Sessions.*

In an application for the maintenance of a minor child the Court of General Sessions has jurisdiction notwithstanding the Superior Court has granted a decree divorcing the parents of the child, and awarding the custody of the child to the mother.

(*November 25, 1905.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Daniel O. Hastings,* Deputy Attorney-General, and *Harry P. Joslyn* for the State.

*Levin Irving Handy* and *Herbert L. Rice* for the defendant.

Court of General Sessions, New Castle County, November Term, 1905.

This was an application of Effie Redmile to compel Alfred A. Redmile, Jr., to support his minor child, after the Superior Court had granted a decree divorcing the prosecuting witness from the defendant and awarding to said prosecuting witness the custody of said child.

*Handy* for the defendant produced the decree of the Superior Court divorcing the prosecuting witness from the defendant *a vinculo matrimonii* and awarding the care and custody of their child to said prosecuting witness. He moved to dismiss the case.

This is a proceeding in the Court of General Sessions under *Chapter 230, Volume 18 Laws of Delaware (Revised Code , page 971)* to compel defendant, the father, to provide for the support of his child, the care and custody of whom has been awarded to the mother by the Superior Court in divorce proceedings. In *State vs. Rogers, 2 Marvel, 439,* it was held by the Court that this statute was applicable to the case of a father divorced by legislative enactment. But in that case there was no other remedy to secure a father's contribution to support minor children. In the case of divorce by Superior Court the law provides that "the Court shall take such order for the distribution, care and maintenance of the children, as is just and reasonable, and may revise and change such order as

occasion may require" (*Rev. Code, page 598, Section 11*). The Superior Court has therefore assumed jurisdiction of the whole question of the maintenance of this child. The Court of General Sessions should not interfere therewith in this summary way under this semi-penal statute. The prosecuting witness, if entitled to contribution from the defendant for the support of this child given into her care and custody by decree of the Superior Court, should file her petition in the Superior Court asking said Court to revise and change its order in the matter.

GRUBB, J.:—The two different statutes give to each Court respectively—that is, to the Court of General Sessions and to the Superior Court—jurisdiction to provide for the maintenance of minor children in such cases as this. The only question is whether the later maintenance act, now before this Court of General Sessions should have any operation whatever here. We have here a case in which the Superior Court made provision for the custody of the minor child, but made no provision for the maintenance of said child. The Superior Court therfore took jurisdiction of the question of custody, but not of the question of maintenance. There is a difference between custody and maintenance. Where two Courts have concurrent jurisdiction, the one that first takes jurisdiction ousts the other; therefore as the Superior Court has not taken jurisdiction of the question of maintenance, but only of the question of custody, it seems to me that the Court of General Sessions may properly take jurisdiction of the question of the maintenance of the child.

LORE, C. J.:—The later act, which is more ample and complete than the earlier one, lays its hands on the parent and keeps him within the jurisdiction of the Court until the question is settled; the other one would not. We think this later statute covers this case, and that the jurisdiction of the Court of General Sessions is not ousted by the decree of divorce of the Superior Court referred to, which leaves the maintenance of the children still open.

We therefore order that the defendant pay to the prosecuting witness for the support of said minor child the sum of $30 on December 15, 1905, and $10 per month thereafter on the fifteenth day of each month; and that he enter into bond in the sum of $500 for the faithful compliance with said order.